Filed 4/13/21  P. v. Potts CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY POTTS,<br><br>    Defendant and Appellant. | B307383<br><br>(Los Angeles County<br>Super. Ct. No. YA094029) |

THE COURT:

A jury convicted defendant and appellant Timothy Potts of inflicting corporal injury upon a person with whom he had a "dating relationship" following a prior domestic violence conviction (Pen. Code, § 273.5, subd. (f)(2); count 1) and six counts of attempting to dissuade a witness (Pen. Code, § 136.1, subd. (a)(2); counts 4–9).  The trial court found it true that defendant had suffered two prior "strike" convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), as well as two serious felony convictions (Pen. Code, § 667, subd. (a)(1)) and

five prior prison terms (Pen. Code, § 667.5, subd. (b)). The trial court partially granted defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), striking one prior conviction as to counts 5 through 9, but denying the motion as to count 4, and sentenced defendant to serve a total of 43 years eight months to life in state prison. The sentence included two five-year serious felony enhancements pursuant to Penal Code section 667, subdivision (a)(1). (*People v. Potts* (May 3, 2019, B290757) [nonpub. opn.], at p. 2 (*Potts I*).)

Defendant appealed. We remanded so that the trial court could exercise its new discretion pursuant to Senate Bill No. 1393 to consider striking one or both of the serious felony enhancements. We affirmed in all other respects. (*Potts I, supra*, B290757, at pp. 3, 24–26.)

At the November 6, 2019, hearing following remand, the trial court declined to strike either of the serious felony enhancements. Defendant again appealed, arguing that the trial court erred by denying his request to reconsider his *Romero* motion. On January 19, 2021, we affirmed the trial court's judgment. (*People v. Potts* (Jan. 19, 2021, B303966) [nonpub. opn.], at p. 1 (*Potts II*).)

While defendant's appeal in *Potts II* was pending, on December 5, 2019, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court regarding errors in the abstract of judgment as to counts 1 and 4.

On July 14, 2020, in response to the CDCR's letter, the trial court reimposed a three-strike sentence of 25 years to life as to count 4. It granted a *Romero* motion as to count 1,

2

struck two strikes, and imposed the low term of two years to run consecutively to the time in count 4, the base count. It struck one strike as to counts 5 through 9 and imposed a term of 16 months (1/3 of the midterm) to run consecutively to each of those counts. For the two Penal Code section 667, subdivision (a), serious felony priors, the trial court imposed 10 years (five years for each prior) to run consecutively to the other counts. Thus, the total sentence was 25 years to life, plus 18 years eight months consecutive. The trial court declined to exercise its discretion to strike the serious felony priors.

On August 14, 2020, defendant timely filed a notice of appeal.

Counsel was appointed to represent defendant in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On December 3, 2020, appointed counsel advised defendant of his opportunity to file a supplemental brief.

On January 12, 2021, defendant submitted a letter brief. He asserts that the trial court erred on November 6, 2019, by refusing to hear a new *Romero* motion and his appointed attorney in July 2020 "failed to utilize the opportunity to file [a] new *Romero* motion." He also argues that the trial court was aware of the pending appeal in *Potts II*, "yet failed to allow [him] to prepare and file the new motion at the time of resentencing."

We have examined the entire record and we are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We are not convinced by the arguments raised in defendant's supplemental letter brief.

As set forth in *Potts II*, the trial court did not err by refusing to reconsider defendant's *Romero* motion at the November 6, 2019, resentencing hearing. (*Potts II*, *supra*, B303966, at pp. 4, 6–9.) As for defendant's assertion that his attorney failed to file another *Romero* motion in July 2020, that contention does not compel reversal. Defendant offers no facts or argument in support of his claim that a *Romero* motion (1) could have been filed, and (2) would have been granted by the trial court. Defendant's third argument also fails for at least two reasons: (1) Defendant provides us with no legal authority in support of his contention that the trial court should have afforded him the opportunity to file a *Romero* motion because his appeal in *Potts II* was pending; and (2) Defendant does not inform us of what he would have set forth in that *Romero* motion. To the extent defendant would have filed a *Romero* motion reiterating the arguments made in his original motion, that motion would have been denied for the reasons set forth in *Potts II*.

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The trial court's judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.

4